UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAURA WILLIAMS, <br>     Plaintiff(s), <br> v. <br> JAMES RIVER GROUP, INCORPORATION, et al., <br>     Defendant(s). | Case No. 2:22-cv-00186-RFB-NJK <br><br> **Order** |

"Just as an attorney who always practices in state court is expected to know the rules of administration and operation particular to that court, we expect an attorney practicing law in federal court to become familiar with and follow rules applicable to practice in this court." *Dela Rosa v. Scottsdale Mem. Health Sys., Inc.*, 136 F.3d 1241, 1244 (9th Cir. 1998). Given that the requirements and procedures are so clearly identified, it is a particularly "simple task to comply with the Local Rules regarding submission of a proposed discovery plan. . . . The task of submitting a proper discovery plan is further simplified when the Court has expended its resources providing guidance to parties who have submitted an improper discovery plan and ordering them to submit a new discovery plan." *Sierzega v. Country Preferred Ins. Co.*, 2013 U.S. Dist. Lexis 120095, at *1 (D. Nev. Aug. 22, 2013). Failure to file a discovery plan in compliance with the local rules and such an order may give rise to the imposition of sanctions. *See, e.g.*, Fed. R. Civ. P. 16(f); Local Rule IA 11-8.

In this case, counsel failed to comply with basic requirements for filing a discovery plan even after the Court expended its resources explaining the deficiencies that needed to be corrected. Compounding matters, counsel did not carefully review their judicial filings or the resulting orders. Pending before the Court is an order to show cause why sanctions should not be imposed, an order that was issued after the third failed attempt at filing a discovery plan. Docket No. 25; *see also*

Docket Nos. 18, 21, 24 (discovery plans). Responses have been filed that essentially indicate that the attorneys assigned to this case have changed over time, that counsel's offices have been short-staffed, and that the attorneys were otherwise sloppy in their handling of this matter. Docket Nos. 30, 32.[1] None of those excuses justifies the repeated failure to comply with basic elements of the local rules and clear orders of the Court.

Given the circumstances, the Court **ORDERS** attorneys Sandy Van and Jeffrey Saab to read the local rules in their entirety. *Cf. Sierzega*, 2013 U.S. Dist. Lexis 120095, at *4 (collecting cases). Declarations attesting to doing so must be filed by June 29, 2022. The Court also **CAUTIONS** all counsel of record that they must strictly comply with the local rules and all Court orders moving forward. **Failure to do so may result in the imposition of sanctions.** In all other respects, the order to show cause is **DISCHARGED**.

IT IS SO ORDERED.

Dated: June 22, 2022

                                                    Nancy J. Koppe
                                                    United States Magistrate Judge

---

[1] The responses also indicate that the shortcomings were not willful. The Court would certainly hope that attorneys are not willfully, *inter alia*, submitting filings that are "rife with errors." Docket No. 22 at 1. Whether the shortcomings stem from willfulness is not the benchmark for determining whether monetary sanctions should be imposed. *See, e.g.*, *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2016 WL 2757377, at *2 (D. Nev. May 11, 2016) (collecting cases).